Mr. Justice Clayton
delivered the opinion of the court.
The bill states that in September, 1836, one William M. Haley sold and conveyed three hundred and sixty acres of land to Joseph A. Ferguson, but that the deed was not recorded until 20th June, 1838. It further states, that on the 5th of August, 1837, the complainant Reid purchased seven hundred and twenty acres of land, including the said three hundred and sixty, at sheriff’s sale, under an execution in favor of Robert Jones against Ferguson and others, founded upon a judgment obtained in October, 1837. It also states that Mrs. Clement, as the administratrix of Stephen Clement, deceased, had caused an execution to be issued upon a judgment in her favor, rendered in May, 1838, against the said Haley, and levied upon the land sold by Haley to Ferguson. This execution was issued on the 17th July, 1837, and was levied upon the land in question in September, 1839. The bill also states, that Haley had other sufficient property to satisfy the execution, and prays for an injunction to prohibit the sale of the land. The answer admits what is alleged in regard to the judgments and executions, and sale of the land, but avers that it was sold subject to her execution, and brought only five hundred dollars, when it was worth eight or ten thousand.
In the case of Dixon & Starkey v. Lacoste, 1 S. & M. 71, the creditor had notice at the time of his judgment, of the unregistered deed. In this case, it does not appear that there was any such notice at the time of the judgment. By the judgment was any lien acquired ; if so, was it destroyed by subsequent notice? If not destroyed, does the purchaser at sheriff’s sale stand in place of the creditor, and get a good title, though he have notice at the time' of the purchase ? These are grave and delicate questions, and we shall not determine them, except in a case *543 which necessarily requires their decision. Although the points were argued, we do not regard this case to be of that character.
The complainant occupies the same position as if he had filed his bill to enforce his purchase. If the defendant be perpetually enjoined from proceeding with her execution against the land, it is the same thing in effect, as if a decree were rendered against her right. It amounts then, as between these parties, to a bill for a specific performance, and is addressed to the sound discretion of the court. There are various circumstances which incline us not to give the relief sought.
The price for which the land sold was very inadequate, not one tenth of its value. Although this might not constitute ground for a rescission, if unconnected with fraud, it affords good reason not to aid the purchaser. Franklin v. Osgood, 2 Johns. Ch. 1.
There is some reason to believe, from the proof, that there was collusion between Jones, the plaintiff in the execution, Ferguson the defendant, and Reid the purchaser. It was understood that Ferguson was to have his land back, upon the performance of certain conditions; no money was paid by Reid, and the execution was credited by Jones with the amount of his bid. The execution of Mrs. Clement was then in the hands of the sheriff, and it might have been thought necessary to take some step, after a delay of nearly two years, to keep a preference over her. The allegation that Haley at the time of the levy, had sufficient property apart from this land, to satisfy this execution, is not sustained by the proof; though the chancellor made that circumstance the foundation of his decree making the injunction perpetual.
We think it better, under all the circumstances, to leave the parties to their rights and remedies at law. The decree will, therefore, be reversed, and the bill dismissed.